# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ROBERT K. FOWLER,**                          **PETITIONER**

**V.**                          **NO. 1:06CV295-M-D**

**LAWRENCE KELLY, et al.,**                          **RESPONDENTS**

## OPINION

This cause comes before the court on the petition of Robert Fowler for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, in accordance with his plea of guilt in January 2002, in the Circuit Court of Oktibbeha County, Mississippi, of armed robbery and attempted murder. He further states that he was sentenced to 22 years and 10 years confinement respectively to run concurrently.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust available state remedies. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner*, 404 U.S. 270 (1971); *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle*, 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner, who states that he has filed only a direct appeal to the Mississippi Court of Appeals, has an available state remedy under the Mississippi Uniform Post Conviction Collateral

Relief Act, § 99-39-5(g), Miss. Code Ann. (1972), and Mississippi Habeas Corpus Statutes §§ 11-43-1, *et seq*. If he is denied relief, he has the further right to appeal to the Mississippi Supreme Court. § 99-39-25(1) or § 11-43-53 Miss. Code Ann (1972). Clearly, he has not exhausted his state remedies and cannot proceed in this court.

A final judgment in accordance with this opinion will be entered.

THIS the 1st day of October, 2006.

      /s/ Michael P. Mills
      **UNITED STATES DISTRICT JUDGE**